UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

                                                                    **DECISION AND ORDER**
                                                                      09-CR-212A

       v.

JAZMINE BARRETO,

                            Defendant.

---

**I.    INTRODUCTION**

      Pending before the Court is a motion by defendant Jazmine Barreto for a judgment of acquittal under Rule 29(c) of the Federal Rules of Criminal Procedure ("FRCP"), or, alternatively, for a new trial under FRCP 33.  Defendant contends that the Government failed to produce physical, surveillance, or eyewitness evidence connecting her either to any possession of cocaine or to any conspiracies regarding cocaine, as charged in the indictment.  In the alternative, defendant argues that a new trial is required because one of the Government's witnesses, Nemencio Rosario ("Nemencio"), perjured himself about the amount of cocaine involved in two sales that defendant allegedly made to Omar Hernandez.  The Government responds that the evidence elicited at trial supported defendant's conviction even without Nemencio's testimony about the two cocaine sales that defendant has challenged.  Additionally, however, the Government argues that Nemencio testified consistently before and during the trial about the

two cocaine sales in question, and that any concerns about his credibility were for the jury to resolve.

The Court held oral argument on June 16, 2011. For the reasons below, the Court denies defendant's motion.

## II.   BACKGROUND

This case concerns allegations that defendant possessed cocaine with intent to distribute and was part of a conspiracy to possess cocaine with intent to distribute. On October 13, 2009, a grand jury indicted defendant on seven counts related to drug operations.[1] Count I charged defendant with conspiracy to possess with intent to distribute, and actual distribution of, 500 grams or more of cocaine, in violation of 21 U.S.C. § 846. Count II charged defendant with the lesser-included offense of possession with intent to distribute, and actual distribution of, 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). Counts III through VII charged defendant with making five telephone calls in March 2008 in furtherance of the offenses alleged in Counts I and II, in violation of 21 U.S.C. § 843(b). The Court presided over defendant's trial in April 2011. On April 20, 2011, the jury returned a verdict convicting defendant on all seven counts and finding that the quantity of cocaine

---

[1] The October 13, 2009 indictment contained counts against the parties other than defendant. The seven counts against defendant were renumbered and placed into a redacted indictment used at trial. In this Decision and Order, the Court will refer to the counts against defendant as renumbered in the redacted indictment.

attributable to her exceeded 500 grams.

On May 4, 2011, defendant filed the pending motion.  Defendant primarily seeks a judgment of acquittal under FRCP 29.  According to defendant, the Government lacked physical evidence, surveillance evidence, and eyewitness testimony connecting her to any transactions involving cocaine.  The Government also presented no evidence substantiating its inferences that intercepted telephone conversations definitively linked her to any cocaine transactions.  Alternatively, defendant argues that a new trial is necessary because of false testimony that Nemencio gave at the previous trial.  According to defendant, Nemencio testified about two cocaine sales that she allegedly made to Omar Hernandez.  Nemencio testified that each of these sales involved nine ounces of cocaine, but conceded on cross-examination that the actual amount in each transaction may have been closer to five ounces.  Defendant concludes that Nemencio perjured himself to help the Government cross the threshold of 500 grams of aggregate cocaine needed to trigger the mandatory minimum term of imprisonment prescribed by 21 U.S.C. § 841(b)(1)(B).  The Government counters that Nemencio has testified consistently about the amount of cocaine involved in the transactions in question; defendant's argument about quantity thus raises an issue of credibility that she already presented to the jury and that was within the jury's authority to resolve.  The Government counters further that wiretap evidence, co-conspirator testimony, and investigator testimony together

substantiate all of the jury's findings even if the Court credited defendant's argument about the nine-ounce cocaine sales.

## III. DISCUSSION

The standard for a judgment of acquittal under FRCP 29 is straightforward. "If the jury has returned a guilty verdict, the court may set aside the verdict and enter an acquittal." FRCP 29(c). "The true rule, therefore, is that a trial judge, in passing upon a motion for directed verdict of acquittal, must determine whether upon the evidence, giving full play to the right of the jury to determine credibility, weigh the evidence, and draw justifiable inferences of fact, a reasonable mind might fairly conclude guilt beyond a reasonable doubt. If he concludes that upon the evidence there must be such a doubt in a reasonable mind, he must grant the motion; or, to state it another way, if there is no evidence upon which a reasonable mind might fairly conclude guilt beyond reasonable doubt, the motion must be granted. If he concludes that either of the two results, a reasonable doubt or no reasonable doubt, is fairly possible, he must let the jury decide the matter." *Curley v. U.S.*, 160 F.2d 229, 232–33 (D.C. Cir. 1947) (footnote omitted). The Court will assess defendant's arguments under the well articulated and time-honored *Curley* standard, mindful that it will "view the evidence presented in the light most favorable to the government [and] draw all reasonable inferences in its favor." *U.S. v. Autuori*, 212 F.3d 105, 114 (2d Cir. 2000) (citation omitted).

4

Similarly straightforward is the standard under FRCP 33. "Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." FRCP 33(a). "The Second Circuit has cautioned that motions for a new trial are generally not favored. Even where there are allegations of trial perjury by a government witness, such motions should be granted only with great caution and in the most extraordinary circumstances. The threshold inquiry in such cases is whether the evidence demonstrates that the witness did in fact commit perjury. If so, then whether to grant a new trial on that basis depends on the materiality of the perjury to the jury's verdict and the extent to which the prosecution was aware of the perjury. Even where courts in this Circuit have clearly identified perjured testimony, they have refused to grant a new trial unless the court could find that the jury probably would have acquitted in the absence of the false testimony." *U.S. v. Donald*, 669 F. Supp. 2d 336, 339 (W.D.N.Y. 2009) (Larimer, *J.*) (internal quotation marks and citations omitted).

Here, defendant's arguments about sufficiency of the evidence and perjury repeat the credibility arguments made to the jury at trial and fall within the scope of a reasonable jury's authority. A reasonable jury could have decided that all of the wiretap conversations involved arrangements by defendant to meet others to sell them cocaine. At oral argument, defendant conceded that cocaine sales were discussed in the wiretap conversations. A reasonable jury also could have

credited the testimony of the special agent and of the co-conspirators to attribute over 500 grams' worth of cocaine transactions to defendant. As for allegations of perjury, Nemencio may have backtracked on cross-examination from his testimony about exact quantities, but the jury reasonably could have decided that his memory was wrong without going as far as to say that an intentional falsehood was exposed. *Cf. U.S. v. Sanchez*, 969 F.2d 1409, 1414 (2d Cir. 1992) ("It is only in the rare instance where it can be shown that the prosecution knowingly used false testimony that we would apply a less stringent test and permit the granting of new trial where the jury 'might' have acquitted absent the perjury. There is nothing whatsoever in the record before us in this case to indicate that the prosecutor knowingly used false testimony to convict [defendant].") (citations omitted). In any event, even if the Court agreed with defendant that a reasonable jury could not credit Nemencio's testimony about the nine-ounce cocaine sales, the jury could have credited evidence of other transactions that added up to more than 500 grams. Under these circumstances, defendant's arguments essentially reduce to a disagreement with the credibility findings that the jury made. The Court will not disturb the verdict or order a new trial on this basis alone.

## IV. CONCLUSION

For all of the foregoing reasons, the Court denies defendant's motion (Dkt. No. 296).

SO ORDERED.

*s/ Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT JUDGE

DATED: June 27, 2011